IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| CLIVE WELLINGTON KINLOCK,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA BOARD OF PARDONS AND PAROLE, MT DEPT. OF CORRECTIONS MIKE BATISTA, CCA WARDEN MARTIN FRINK, CRAIG THOMAS, MIKE McKEE, TERESA McCANN-O'CONNOR, and SAM LEMAICH,<br><br>Defendants. | CV 13-00076-GF-DWM-RKS<br><br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

## SYNOPSIS

Mr. Kinlock alleges the defendants violated his right to due process by denying him parole, deferring his next parole hearing for eight years, and denying him the opportunity to review documents in his parole file. (Complaint, Doc. 1). Defendants Montana Board of Pardons and Parole, Thomas, McKee, McCann-O'Connor, and Lemaich are entitled to immunity. Mr. Kinlock's challenges to the denial of his parole are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Mr. Kinlock has not established a liberty interest that would give rise to a procedural due process claim. The Complaint should be dismissed.

1

## JURISDICTION

Mr. Kinlock filed this action in federal court, in the Great Falls Division of the District of Montana. (Complaint, Doc. 1.) The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Complaint attempts to allege a violation under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Donald W. Molloy, United States District Court Judge, and referred to the undersigned. Local Rule 72.2(a)(1).

## STATUS

Mr. Kinlock is a prisoner in the custody of the State of Montana. His Complaint must be reviewed to determine if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. If so, the case must be dismissed. 28 U.S.C. §§ 1915(e)(2), 1915A(b). This is the review.

## STANDARDS

**Stating a claim**

A complaint must allege sufficient factual matter to "state a claim to relief

that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. *Id.* at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**Leave to amend**

The court liberally construes pro se pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15. However, a district court should dismiss a complaint without granting leave to amend if amendments would be futile. *Klamath Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau*, 701 F.2d 1276, 1293

3

(9th Cir. 1983). "Leave to amend need not be given if a complaint, as amended, would be subject to dismissal." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

**Eleventh Amendment**

The Eleventh Amendment bars suit in federal court against a state, state agency, or a state official sued in his or her official capacity for money damages absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–268 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974); *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. § 2-9-101 et seq.

The Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. *See Idaho v. Couer d'Alene Tribe*, 521 U.S. 261; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-106 (1984); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997).

**Absolute Immunity of Parole Board Members**

In the Ninth Circuit, "parole board members are entitled to absolute

4

immunity when they perform quasi-judicial functions." *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004) (citations and internal quotations omitted). Quasi-judicial functions or those which are "functionally comparable to tasks performed by judges." *Swift*, 384 F.3d at 1189; *see also Sellars v. Procunier*, 641 F.2d 1295, 1303 (9th Cir. 1981). Adjudicating whether "to grant, deny, or revoke parole" is a quasi-judicial function. *Id*. This rule ensures that adjudicators are not required to anticipate lawsuits from every dissatisfied parole applicant. *Sellars*, 641 F.2d at 1303.

**Statute of Limitations**

"For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (*citing Fink v. Shedler*, 192 F .3d 911, 914 (9th Cir. 1999)); *see also Wilson v. Garcia*, 471 U.S. 261 (1985). In Montana, that period is three years after the action accrues. Mont. Code. Ann. § 27-2-204(1).

**Challenge to Denial of Parole**

In *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997), the plaintiff alleged in a § 1983 action that defendants violated his due process rights "by

5

considering false information in his prison file to find him ineligible for parole." The Ninth Circuit held that where a challenge to the procedures used in the denial of parole "necessarily implicates the validity of the denial parole and, therefore, the prisoner's continuing confinement[,]" the § 1983 action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

The appropriate avenue to challenge denial of parole is a petition for habeas corpus. *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) ("Few things implicate the validity of continued confinement more directly than the allegedly improper denial of parole."). The Montana Supreme Court held to the contrary. See Doc. 1-16 at 2. ("Habeas corpus . . . is simply the wrong vehicle to challenge denial of his parole."). Parole hearing disputes implicate elements of both habeas petitions and § 1983 claims, and may have a foot in both camps. See *Docken v. Chase*, 393 F.3d 1024 (9th Cir. 2004). But *Butterfield* makes clear that a challenge to denial of parole must be presented in a habeas petition and is barred in a § 1983 claim by *Heck*.

**Fourteenth Amendment Procedural Due Process**

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived

6

of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 459–60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,' " or from "an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (citations omitted); *see also Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. *Jago v. Van Curen*, 454 U.S. 14, 17–21 (1981); *Greenholtz v. Inmates of Neb. Penal*, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").

"[T]o create a liberty interest protected by due process, the state law must contain:  (1) substantive predicates governing official decisionmaking, and (2) explicitly mandatory language specifying the outcome that must be reached if the substantive predicates are met." *Bonin v. Calderon*, 59 F.3d 815, 842 (9th Cir. 1995)(internal quotation marks and citations omitted). Where the only "explicitly

mandatory language" in a state statute concerns a procedural right, "[t]hat language cannot create a 'liberty interest' within the meaning of the Fourteenth Amendment because 'expectation of receiving process is not, without more, a liberty interest protected by the Due Process Clause' of the Fourteenth Amendment." *Carver*, 558 F.3d at 875 (*citing Olim v. Wakinekona*, 461 U.S. 238, 250-51 n. 12 (1983).

In 1989, the Montana legislature amended Mont. Code Ann. § 46–23–201 to state that "the Board may release" inmates on parole when there is a reasonable probability that the prisoner can be released without detriment. Mont. Code Ann. § 46–23–201 (1989). This amendment extinguished any federally-protected liberty interest in parole for all Montana inmates who committed offenses after 1989.

"Unless there is a breach of constitutional rights, . . . § 1983 does not provide redress in federal court for violations of state law." *Samson v. City of Bainbridge Island*, 683 F.3d 1051, 1060 (9th Cir. 2012) (*quoting Schlette v. Burdick*, 633 F.2d 920, 922 n. 3 (9th Cir.1980)); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

The Montana Supreme Court has held that under Montana's statutory scheme, inmates do not have a due process right to review the contents of their parole files. *Worden v. Montana Board of Pardons and Parole*, 289 Mont. 459, 962 P.2d 1157 (Mont. 1998).

8

## FACTUAL ALLEGATIONS

For purposes of this review, the allegations in the Complaint are presumed to be true so long as they have some factual support. Unsupported legal conclusions, however, are disregarded.

Mr. Kinlock was convicted of assault, aggravated kidnaping, and sexual intercourse without consent and sentenced to 70 years in 1992. After the Sentence Review Committee of the Montana Supreme Court removed a parole restriction in March 1993, Mr. Kinlock became parole eligible after 17.5 years in 2009.

In March 2009, the Board of Pardons and Parole held an initial parole review of Mr. Kinlock's case. He alleges he was not adequately prepared for his hearing by his unit manager or his case manager because he filed a grievance against his unit management team for racism. The Complaint provides detailed lists of Mr. Kinlock's accomplishments and reasons why he believes he should have been paroled. However, Mr. Kinlock was denied parole in 2009 and deferred for further review for eight years. Mr. Kinlock alleges his parole hearing was procedurally defective because the Board already decided to deny parole 20 days prior to the hearing.

Mr. Kinlock submitted a request for early review. The Board responded on July 28, 2011 stating that the Board, "is not willing to consider any form of release

9

prior to the Plaintiff's next reappearance date of March 2017." Mr. Kinlock argues this demonstrates the Board's intention to deny any fair due process at his upcoming progress review date in 2014.

## ANALYSIS

The Montana Board of Pardons and Parole, as a state agency, is immune under the Eleventh Amendment. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–268 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974); *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The Parole Board members named as defendants in their individual capacity are also immune. *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004).

Mr. Kinlock's claims for injunctive relief, to which board member in their official capacity are not immune, are either barred by the statute of limitations or fail to state a claim.

Mr. Kinlock's claims challenging the 2009 decision to deny him parole are barred by the three-year statute of limitations. *Wilson*, 471 U.S. 261. Further, a § 1983 action is not the proper vehicle to challenge the denial of parole. Mr. Kinlock's challenge to the denial of parole and his continued incarceration is barred by *Heck. Butterfield*, 120 F.3d at 1024.

Mr. Kinlock's due process challenges to the denial of a chance to review his parole file and the delay until his next parole hearing are *not* barred by the *Heck* doctrine. In *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the United States Supreme Court noted that if success on a claim would mean at most a new opportunity for review of parole eligibility, or a new parole hearing at which authorities could discretionarily decline to shorten a prison term, then success on the claim would not inevitably lead to release. *Wilkinson*, 544 U.S. at 82. Therefore the claim would not lie at the core of habeas corpus, and may be presented as a § 1983 claim. *Neal v. Shimoda*, 131 F.3d 818, 824 (9th Cir. 1997) (a claim in which a prisoner seeks eligibility for parole, rather than parole itself, is cognizable under § 1983). However, those allegations fail to state a claim upon which relief may be granted.

Mr. Kinlock's procedural due process claim for denial of the opportunity to inspect only alleges a violation of a Montan law regarding access to documents. State law violations do not give rise to a § 1983 claim unless they implicate a due process right. This alleged violation does not. Mr. Kinlock does not have a property or liberty interest in his parole file. The Montana Supreme Court has determined that inmates do not have a due process right to review the contents of their parole files. *Worden v. Montana Board of Pardons and Parole*, 289 Mont. 459, 962 P.2d 1157 (Mont. 1998).

Mr. Kinlock argues that his rights were violated when the parole board deferred his next parole hearing for eight years. Because Mr. Kinlock committed his crimes in 1991[1] he does not have a federally-protected liberty interest in parole, as parole had already become discretionary under Montana law by that time. Although Mr. Kinlock argues that he has a right to regular hearings regarding the possibility of parole, there is no federal authority for the proposition that a due process violation results if a state parole board defers parole suitability hearings beyond a certain period of time. *Cf. Garner v. Jones*, 529 U.S. 244, 251–52 (2000) (retroactive application of Board's amended rule, changing frequency of required reconsideration hearings for inmates serving life sentences from every three years to every eight years, did not necessarily violate Ex Post Facto Clause); *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 501 (1995) (California statute amending parole procedures to allow the Board to decrease the frequency of parole suitability hearings under certain circumstances did not violate Ex Post Facto Clause as applied to petitioner who was convicted prior to the amendment).

In *Garner*, the United States Supreme Court upheld an eight-year deferral on the basis of the ex post facto clause issue. *Garner*, 529 U.S. 244. As in *Garner*, the Montana Parole Board is required by statute to have a process by which a

---

[1] *Kinlock v. Mahoney*, Mt. S.Ct OP 07-0730 (January 23, 2008)

prisoner may request an earlier hearing or review. Mont. Code Ann. 46-23-201(7). Mr. Kinlock used this process when he requested early review in 2011. In addition, he has a progress review date in March 2014. The eight-year deferral of Mr. Kinlock's parole hearing does not violate due process. *See Williams v. Finn*, 2011 WL 1342999, * 8 (E.D.Cal. April 7, 2011) (finding that Petitioner failed to cite any "federal authority for the proposition that a due process violation automatically results if a state parole board defers parole suitability hearings beyond a one year period or even beyond the time set forth in state regulations" and noting that "[e]ven if the Board lacked authority under state regulations to continue petitioner's next parole suitability hearing for three years, a violation of state mandated procedures will constitute a due process violation only if the violation brings about a fundamentally unfair result") (*citing Asgari v. Cullen*, 2010 WL 4916589, *4 (C.D.Cal. Oct.25, 2010) (because no case has held that a multi-year deferral by the Board is a violation of federal due process rights, at best a challenge to a multi-year denial of parole alleges only a violation of state law); and *Edwards v. Curry*, 2009 WL 1883739, *8 (N.D.Cal. June 30, 2009)).

The Montana Code was changed in 2011 to add the following provisions: "If a hearing panel denies parole, it may order that the prisoner serve up to 6 years before a hearing panel conducts another hearing or review." This provision also

13

requires the board to adopt a process by which a prisoner can request an earlier hearing or review. Mont. Code Ann. § 46-23-201. This provision became effective on July 1, 2011. Mr. Kinlock's petition for an early review was denied on July 28, 2011. As noted above, federal relief does not lie for a violation of state law. *Estelle*, 502 U.S. at 67–68. Even if the Board's decision to defer petitioner's next parole suitability hearing for eight years was in violation of some provision of Montana law, a violation of state mandated procedures will constitute a due process violation only if it brings about a fundamentally unfair result. *Estelle*, 502 U.S. at 65. Here it does not. Mr. Kinlock was sentenced to 70 years in prison and is not entitled to parole. The delay in a hearing only results in Mr. Kinlock waiting longer to request discretionary relief from the sentence validly imposed by a court. Mr. Kinlock's federally-protected rights are not violated by the deferral of his next parole hearing.

**CONCLUSION**

The State Board of Pardons and Parole and the individual parole board members in their individual capacities are immune from suit. Mr. Kinlock's claims challenging the denial of parole are barred by the applicable statute of limitations and *Heck v. Humphrey*. Since Mr. Kinlock has no protected liberty interest in the inspection of his parole file or in regular parole hearings, he cannot establish a due

process violation. The Complaint does not state a claim on which relief can be granted. These are not defects which could be cured by amendment. The Complaint should be dismissed.

### A. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g).

The question of whether a complaint dismissed pursuant to *Heck*, 512 U.S. 477 constitutes a strike has not been addressed by the Ninth Circuit. *Andrews v. Cervantes*, 493 F.3d 1047, 1052, n. 2 (9th Cir. 2007). However, the Supreme Court in *Heck* stated its ruling was based on a denial of "the existence of a cause of action." *Heck*, 512 U.S. at 489. Several other courts have held that *Heck* dismissals constitute dismissals for failure to state a claim. *See e.g., Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A §1983 claim which falls under the rule in *Heck* is legally frivolous."); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) ("[I]n light of *Heck*, the complaint was properly dismissed for failure to state a claim."); *Ransom v. Westphal, et al.*, 1:08 CV 01327-DMS-AJB (E.D. Cal. April 4, 2010); *Romero v. United States, et al.*, No. CV 11-531-PHX-DGC 2011 U.S. Dist.

WL 1261293 (D.Ariz. Apr. 5, 2011). This authority is persuasive. Dismissal pursuant to *Heck* should be a strike under 28 U.S.C. §1915(g).

In addition, the State and the parole board members are entitled to immunity, Mr. Kinlock's challenge to the denial of his parole is barred by the applicable statute of limitations and the *Heck* doctrine, and he has failed to state a federal due process claim. The dismissal of this case should constitute a strike under 28 U.S.C. § 1915(g).

### B. Address Changes

At all times during the pendency of this action, Mr. Kinlock SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED:**

1. Mr. Kinlock's Complaint (Doc. 1) should be dismissed.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Mr. Kinlock failed to state a claim upon which relief may be granted.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Kinlock may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 29th day of January, 2014.

                                         */s/ Keith Strong*
                                         Keith Strong
                                         United States Magistrate Judge

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.