
**FILED**
APR 15 2014
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| CLIVE WELLINGTON KINLOCK, <br><br> Plaintiff, <br><br> vs. <br><br> MONTANA BOARD OF PARDONS AND PAROLE, MT DEPT. OF CORRECTIONS MIKE BATISTA, CCA WARDEN MARTIN FRINK, CRAIG THOMAS, MIKE McKEE, TERESA McCANN-O'CONNOR, and SAM LEMAICH, <br><br> Defendants. | CV 13–76–GF–DWM–RKS <br><br><br> ORDER |

## I. Status

This matter comes before the Court on the proposed Findings and Recommendations entered by United States Magistrate Judge Keith Strong, (Doc. 3), regarding the civil rights Complaint brought pursuant to 42 U.S.C. § 1983 by Plaintiff Clive Wellington Kinlock, (Doc. 1). Because Kinlock is a prisoner, upon filing, this matter was referred to Judge Strong. *See* L.R. 72.2(a). Judge Strong conducted the prescreening required by 28 U.S.C. § 1915A, and filed his proposed Findings and Recommendations regarding the Complaint on January 29, 2014.

(Doc. 3 at 17.) Kinlock requested, (Doc. 4), and was granted, (Doc. 6), an extended period in which to file his Objections to Judge Strong's Findings and Recommendations. Kinlock timely filed his Objections on March 10, 2014. (*See* Doc. 7.)

## II. Standard of Review

The portions of Judge Strong's proposed Findings and Recommendations to which Kinlock objects are reviewed *de novo*, otherwise the report is reviewed for clear error. When a party objects, the Court reviews the relevant portions of the United States Magistrate Judge's proposed findings and recommendations *de novo*. 28 U.S.C. § 636. When no party objects, the Court reviews the findings and recommendations of a United States Magistrate Judge for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error is present only if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

## III. Factual Allegations

A recitation of the factual allegations raised by Kinlock is set forth in Judge Strong's proposed Findings and Recommendations and will not be restated here. (*See* Doc. 3 at 9-10.) This portion of the Magistrate Judge's report is not directly

contested by the arguments raised in Kinlock's Objections. It contains no mistake regarding the facts of this case and will be adopted in-full. The status of Kinlock's July 3, 2011 letter to the Montana Board of Pardons and Parole ("the Board"), (*see* Doc. 1-3), is impliedly contested by Kinlock's argument regarding the merits of his Complaint, (*see* Doc. 7 at 10 (arguing the "letter was liberally construed as a request for early review" and referring to the letter as a "'request' for early review".)) Judge Strong treated the letter as the Montana Board of Pardons and Parole did: a request by Kinlock for early review of his parole eligibility. Upon consideration of the letter, the Court concludes that Judge Strong's view is accurate. Even construed in the light most favorable to Kinlock, the letter presents a request for early review. The letter closes with Kinlock's prayer that parole be granted. (Doc. 1-3 at 2.) It does not merely "request[] information on how to apply for an early review" as Kinlock encourages in his Objections. (*See* Doc. 7 at 10.) Judge Strong did not misstate the facts of the case when he construed this letter as stated in the Findings and Recommendations. It was treated as a request for early review by the Board and, in substance, relates such a request.

## IV. Analysis

Kinlock poses no objection to Judge Strong's finding that the Board, as a state agency, is immune from suit under the Eleventh Amendment to the United

States Constitution. (*See* Doc. 3 at 10.) This finding is sound and will be adopted. "[F]ederal jurisdiction over suits against unconsenting States 'was not contemplated by the Constitution when establishing the judicial power of the United States.'" *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996) (quoting *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)). Kinlock's claims against the Board will be dismissed for lack of jurisdiction.

Even though Judge Strong's proposed Findings and Recommendations do not address Defendants Batista and Frink, claims against them are properly subject to dismissal. Batista and Frink are named as Defendants to this action in the caption of Kinlock's Complaint. (Doc. 1 at 1.) Kinlock's Complaint violates Rule 8 of the Federal Rules of Civil Procedure as to Defendants Batista and Frink. Rule 8 sets forth the general rules of pleading and requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P.8(a)(2). The Supreme Court has explained that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). The factual allegations necessary to make that showing "must be enough to raise a right to relief above the speculative level." *Id.* at 555. The Complaint must "contain sufficient factual matter, accepted as true, to state a claim for relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Kinlock makes no allegation whatsoever regarding any act or oversight by Batista and Frink that caused him harm redressible under the Constitution of the United States. Defendants Batista and Frink are therefore subject to dismissal. *See* Fed. R. Civ. P. 12(b)(6).

Kinlock objects to the Court's treatment of his claims against the Board members named in his Complaint. His objections fall into three categories: procedural bars, the substance of his claims, and the recommended Prison Litigation Reform Act strike. The Court reviews *de novo* each portion of the report to which Kinlock objects.

### A. Procedural Bars

Judge Strong's proposed Findings and Recommendations applied three procedural bars to Kinlock's Complaint: quasi-judicial immunity, the statute of limitations, and the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Each will be considered in turn.

Judge Strong's findings regarding the application of quasi-judicial immunity to the Board members named as Defendants in this action are without mistake or error and will be adopted in-full. Judge Strong found the Board members immune from suit in their individual capacity under the doctrine of

quasi-judicial immunity. (Doc. 3 at 10.) This finding is sound because "parole board officials . . . are entitled to absolute quasi-judicial immunity for decisions 'to grant, deny, or revoke parole' because these tasks are 'functionally comparable' to tasks performed by judges." *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004) (quoting *Sellars v. Procunier,* 641 F.2d 1295, 1303 (9th Cir. 1981)). Judge Strong elaborated, however, that Kinlock's is not barred from seeking prospective declaratory and injunctive relief as to the Board members in their official capacity, presumably based on the doctrine set forth by the Supreme Court in *Ex Parte Young*, 209 U.S. 123 (1908), and *Edelman v. Jordan*, 415 U.S. 651 (1974). (Doc. 3 at 10.) This, too, is a correct statement of the law and a well-reasoned application of that law to the facts of Kinlock's case.

In his Objections, Kinlock devotes significant attention to Judge Strong's findings on immunity. This attention is puzzling given Judge Strong's finding that Kinlock's prospective claims are not barred by the doctrine of quasi-judicial immunity. Furthermore, much of Kinlock's argument is based on the Ninth Circuit Court of Appeals' decision in *Anderson v. Boyd*, 714 F.2d 906 (9th Cir. 1983. *Anderson* was decided prior to the United States Supreme Court's decision in *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429 (1993), which "worked a sea change in the way in which we are to examine absolute quasi-judicial immunity

for nonjudicial officers." *Swift*, 384 F.3d at 1190 (quoting *Curry v. Castillo*, 297 F.3d 940, 948 (9th Cir. 2002)). Following *Antoine*, the relevant inquiry is not whether an official act relates to a judicial proceeding, but rather whether the official is "performing a duty functionally comparable to one for which officials were rendered immune at common law." *Id.* (quoting *Miller v. Gammie*, 335 F.3d 889, 897 (9th Cir. 2003) (*en banc*)). "Indeed, to the extent *Anderson* applied a 'relates to' test, as opposed to a functional test, *Antoine* overruled it. Under *Antoine*, the relation of the action to a judicial proceeding is no longer a relevant standard . . . . *Antoine* adopted a functional approach, under which we must determine not whether an action 'relates to' the decision to grant, deny, or revoke parole, . . . but whether an action is taken by an official performing a duty functionally comparable to one for which officials were rendered immune at common law." *Id.* (citations and quotation marks omitted).

Kinlock's reliance on *Anderson* is misplaced. The Board members he sues are cloaked with absolute quasi-judicial immunity for their decision regarding his parole application because the task of adjudicating an application for parole is functionally equivalent to tasks performed by judges. *See id.* at 1189; *see also Bermudez v. Duenas*, 936 F.2d 1064, 1066 (holding that immunity extends to actions "taken when processing parole applications). His argument about the

timing of the decision to deny his parole application, while perhaps viable under the "relates to" formulation of the test for quasi-judicial immunity set forth in *Anderson*, does not undermine the finding that adjudication of a parole application is functionally equivalent to a task to which immunity attached at common law. Kinlock's objection on this point is without merit and will be set aside.

Judge Strong's findings regarding the applicability of the statute of limitations are without mistake or error and will be adopted in-full. Judge Strong found that Kinlock's claims challenging the Board members' 2009 decision to deny his early parole application are barred by the statute of limitations. This finding is sound. "For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (citing *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). The Montana statute of limitations applicable to a personal injury action is three years. Mont. Code Ann. § 27-2-204(1). Contrary to Kinlock's objection on this point, (*see* Doc. 7 at 3-4), the question of accrual of the limitations period is a question of federal law. *See Hovland v. Gardella*, 2008 WL 5395738 at *5 (D. Mont. 2008). Pursuant to federal law, "a claim accrues when the plaintiff knows or has

reason to know of the injury which is the basis of the action." *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004). Kinlock's claim that "[w]hen an ongoing violation of rights is involved, the statute of limitations does not begin until the date of the last action accrues" is contrary to this controlling premise of federal law and a misstatement of the Montana law cited. Kinlock knew of the injury forming the basis of this action when he was informed of the decision to deny his early application for parole on March 31, 2009. (*See* Doc. 1-4.) The limitations period therefore expired on March 31, 2012 and Kinlock's challenge to the 2009 decision is accordingly barred.

Judge Strong's findings regarding the *Heck* bar are without mistake or error and will be adopted in-full. Judge Strong found Kinlock's challenge to the Board members' decision to deny his request for parole barred by the *Heck* doctrine, pursuant to *Butterfield v. Bail*, 120 F.3d 1023 (9th Cir. 1997). In *Butterfield*, the Ninth Circuit held that "a challenge to the procedures used in the denial of parole necessarily implicates the validity of the denial of parole and, therefore the prisoner's continuing confinement" and is therefore not cognizable under § 1983 pursuant to *Heck*. *Id.* at 1024-25. Kinlock's challenge to the Board members' 2009 decision and the process he has been afforded in their consideration of his parole eligibility is analogous to the challenge rejected in *Butterfield*.

In a conclusory fashion, Kinlock argues in his Objections that the *Heck* doctrine does not apply to his case. He makes no effort to distinguish the facts of his case from *Butterfield* or *Heck*. He states that his case does not present a challenge to the Board's procedures and its ultimate decision and simultaneously argues that it concerns the alleged denial of due process by the Board and its members in their decision to deny his request for parole. These claims are inconsistent and illustrate the insupportable conclusion Kinlock urges the Court to reach on this issue. His objections regarding Judge Strong's determination that his claims are barred by *Heck* are not well-taken. After *de novo* review of this portion of Judge Strong's report and Kinlock's objection, the Court concludes its adoption is warranted.

## B. Substantive Claims

Prospective relief sought by Kinlock, including his procedural due process claim for denial of the opportunity to review his parole file and his claim that his rights were violated when the parole board deferred his next parole hearing for eight years, survive the procedural bars and merit further analysis. Judge Strong considered each of these claims in his proposed Findings and Recommendations. (Doc. 3 at 11-14.) Kinlock raised objections to each of Judge Strong's findings.

Judge Strong found Kinlock's opportunity to review claim legally

insufficient because it does not implicate a due process right and is therefore not a state law claim cognizable under 42 U.S.C. § 1983. Judge Strong cited *Worden v. Montana Board of Pardons and Parole*, 962 P.2d 1157 (Mont. 1998), to support his argument. (Doc. 3 at 11.) Kinlock claims Judge Strong's findings misinterpret *Worden*. (Doc. 7 at 7-8.) Regarding inmates' claim that they were denied due process when the Board denied them access to the information contained in their parole files, *Worden* unequivocally states that "no precedent of the United States Supreme Court or of this Court leads us to conclude that the due process clause of either the U.S. or Montana constitutions require that [i]nmates be allowed to inspect the specific information contained in the Board of Pardons' files." *Worden*, 962 P.2d at 1166. Kinlock's objection on this issue is therefore set aside.

Judge Strong found Kinlock's deferral claim legally insufficient, as his rights under the federal constitution are not violated by deferral of his next parole hearing. (Doc. 3 at 12-14.) Kinlock does not contest Judge Strong's legal analysis on this point, but rather, reasserts his claim for relief in his Objections. (Doc. 7 at 10.) "Unless there is a breach of constitutional rights, . . . § 1983 does not provide redress in federal court for violations of state law." *Samson v. City of Bainbridge Island*, 683 F.3d 1051, 1060 (9th Cir. 2012) (quoting *Schlette v. Burdick*, 633 F.2d 920, 922 n.3 (9th Cir. 1980)). In light of the facts of his case and the law cited by

Judge Strong, Kinlock's deferral claim does not constitute a due process violation giving rise to a federal constitutional claim. His objection on this issue does not contest Judge Strong's analysis or present any convincing argument to the contrary. Judge Strong's findings on this point will be adopted in-full.

C.     **Amendment**

Kinlock claims he should be granted an opportunity to amend his Complaint to cure the deficiencies cited by Judge Strong. (Doc. 7 at 5.) Leave to amend is not justified in this case. Kinlock cites *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995), for the proposition that he ought be granted leave to amend. While "leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect[,]" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*), leave to amend need not be granted if amendment would be futile, *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (*per curiam*). Here, in light of the procedural bars unquestionably applicable to many of Kinlock's claims and the lack of foundation or legal support for the surviving due process claims for prospective relief, amendment would be futile and leave to amend accordingly shall not be granted.

D.     **Strike**

After entering findings regarding the lack of merit to Kinlock's claims,

Judge Strong recommend that the dismissal of this action constitute a strike pursuant to 28 U.S.C. § 1915(g). Kinlock argues a strike is not authorized by statute because he is not proceeding *in forma pauperis*. (Doc. 7 at 11-12.) Kinlock's objection misstates the law. Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Where, as here, the language of the statue is plain, the sole function of this Court is to enforce the statute according to its terms. *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989). While the statute limits an incarcerated person's ability to bring an action *in forma pauperis*, the predicate actions ("strikes") need not be a proceeding *in forma pauperis*. Kinlock has failed to state a claim upon which relief can be granted. Dismissal of this case will count as a strike under § 1915(g) for the reasons set forth in Judge Strong's report. The strike will become effective following Kinlock's waiver or exhaustion of his opportunity to appeal. *Silva v. Di Vittorio*, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

## V.     Conclusion

Kinlock's claims for relief are not viable under 42 U.S.C. § 1983. Judge

Strong properly concluded that the State and members of the Board are entitled to immunity, challenges to the denial of parole are barred by the statute of limitations and the *Heck* doctrine, and Kinlock has not stated a viable federal due process claim. Defendants Batista and Frink are subject to dismissal as no claim against these Defendants was specifically alleged in Kinlock's Complaint. Leave to amend is not warranted as no set of facts could revitalize the claims presented in this case.

IT IS ORDERED:

(1) The proposed Findings and Recommendations entered by United States Magistrate Judge Keith Strong, (Doc. 3), are ADOPTED IN-FULL.

(2) The Complaint brought by Plaintiff Clive Wellington Kinlock, (Doc. 1), is DISMISSED WITH PREJUDICE.

(3) The Clerk of Court shall enter by separate document a judgment in favor of Defendants and against Plaintiff, pursuant to Federal Rule of Civil Procedure 58, and close this case.

(4) The Clerk of Court shall ensure the docket reflects that, after Kinlock has waived or exhausted his opportunity to appeal, this dismissal constitutes a strike pursuant to 28 U.S.C. § 1915(g).

DATED this 15th day of April, 2014.

/s/ Donald W. Molloy
Donald W. Molloy, District Judge
United States District Court